﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 190731-36966
DATE: November 30, 2020

ORDER

The reduction in the rating for residual prostate cancer status post prostatectomy, effective October 1, 2019, was proper.

Entitlement to a disability rating in excess of 20 percent for residual prostate cancer status post prostatectomy, from October 1, 2019, is denied.

FINDINGS OF FACT

1. A January 2016 rating decision granted service connection for residual prostate status post prostatectomy to include erectile dysfunction and assigned a 100 percent rating, effective October 7, 2015.

2. An April 2018 rating decision proposed to reduce the rating for service-connected residual prostate cancer status post prostatectomy.

3. A July 2019 rating decision reduced the rating for service-connected residual prostate cancer status post prostatectomy from 100 percent to 20 percent, effective October 1, 2019. 

4. As of October 1, 2019, the 100 percent disability rating for prostate cancer had been in effect for less than five years.

5. At the time of the rating reduction, prostate cancer was in remission with no local recurrence or metastasis or cancer treatment.

6. As of October 1, 2019, voiding dysfunction was the predominant residual disability manifested by daytime voiding interval between one and two hours, or awakening to void three to four times per night, but not requiring use of appliance or wearing of absorbent materials that must be changed two to four times per day.

CONCLUSIONS OF LAW

1. The rating reduction for residual prostate cancer status post prostatectomy was proper, and restoration of a 100 percent disability rating, effective from October 1, 2019, is not warranted. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.105, 3.344, 4.115b, Diagnostic Code 7528.

2. From October 1, 2019, the criteria for a disability rating in excess of 20 percent for residual prostate cancer status post prostatectomy have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.321, 4.3, 4.7, 4.115a, 4.115b, Diagnostic Code 7528.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from May 1966 to May 1968. 

This appeal comes to the Board of Veterans’ Appeals (Board) from a July 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran selected the Direct Review lane without a Board hearing when he opted into the AMA review system by submitting a VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)) in July 2019. Accordingly, the Board will consider the evidence of record at the time of the July 2019 rating decision on the issues on appeal. 

1. Whether the reduction in the rating for residual prostate cancer status post prostatectomy, effective October 1, 2019, was proper.

Consistent with VA policy, the Veteran was sent for re-examination as prostate cancer is deemed to be a condition that might improve. Following a VA examination on March 2018, the Agency of Original Jurisdiction (AOJ) undertook the procedural steps to reduce the Veteran’s rating for prostate cancer. The Veteran desires his rating be returned to 100 percent.

The provisions of 38 C.F.R. § 3.105(e) allow for the reduction in rating of a service-connected disability when warranted by the evidence, but only after following certain procedural guidelines. The AOJ must issue a rating action proposing the reduction and setting forth all material facts and reasons for the reduction. The Veteran must then be given 60 days to submit additional evidence and to request a predetermination hearing. Then, a rating action will be taken to effectuate the reduction, if warranted. 38 C.F.R. § 3.105(e). The effective date of the reduction will be the last day of the month in which a 60-day period from the date of notice to the Veteran of the final action expires. 38 C.F.R. § 3.105(e), (i)(2)(i).

In this case, the AOJ satisfied the procedural requirements of 38 C.F.R. § 3.105(e) for the rating reduction for the Veteran’s service-connected residual prostate cancer status post prostatectomy from 100 percent, effective October 1, 2019.

Specific requirements must be met in order for VA to reduce certain ratings assigned for service-connected disabilities. See 38 C.F.R. § 3.344; see also Dofflemyer v. Derwinski, 2 Vet. App. 277 (1992). The requirements for reduction of ratings in effect for five years or more are set forth at 38 C.F.R. § 3.344 (a) and (b), which prescribe that only evidence of sustained material improvement under the ordinary conditions of life, as shown by full and complete examinations, can justify a reduction; these provisions prohibit a reduction on the basis of a single examination. Brown v. Brown, 5 Vet. App. 413, 417-18 (1993). In contrast, when disabilities that are likely to improve, that is disabilities for which a rating has been in effect for less than five years, re-examinations disclosing improvement in disabilities will warrant a rating reduction. 38 C.F.R. § 3.344(c). 

At the time of the July 2019 rating decision, the Veteran’s residual prostate cancer had been continuously rated at 100 percent for less than five years. As such, the provisions of 38 C.F.R. §§ 3.344(a) and (b) are not applicable in this case.

A rating reduction is not proper unless a veteran’s disability shows actual improvement in his or her ability to function under the ordinary conditions of life and work. See Faust v. West, 13 Vet. App. 342, 349 (2000). In considering the propriety of a reduction, the Board must focus on the evidence available to the RO at the time the reduction was effectuated (although post-reduction medical evidence may be considered in the context of considering whether actual improvement was demonstrated). Dofflemyer v. Derwinski, 2 Vet. App. 277, 281-82 (1992). A veteran need not demonstrate that retention of the higher rating is warranted; rather, it must be shown by a preponderance of the evidence that the reduction was warranted. See Brown v. Brown, 5 Vet. App. 413, 418 (1993). 

The question of whether a disability has improved involves consideration of the applicable rating criteria. Prostate cancer was rated under 38 C.F.R. § 4.115b, Diagnostic Code 7528. The Board emphasizes that the rating schedule for prostate cancer has distinct requirements regarding the assignment of a 100 percent rating. Under Diagnostic Code 7528, following the cessation of surgical, X-ray, antineoplastic chemotherapy, or another therapeutic procedure, a rating of 100 percent shall be assigned and shall continue with a mandatory VA examination at the expiration of six months. Any change in evaluation based upon that or any subsequent examination shall be subject to the provisions of 38 C.F.R. § 3.105(e). If there has been no local recurrence or metastasis, the evaluation is to be based upon residuals as voiding dysfunction or renal dysfunction, whichever is predominant. 38 C.F.R. § 4.115b. Only the predominant area of dysfunction is to be considered for rating purposes to avoid violating the rule against pyramiding of disabilities. 38 C.F.R. §§ 4.14, 4.115a. 

In this case, the Board finds that improvement of prostate cancer has been demonstrated, and that the improvement will be maintained under the ordinary conditions of life and work. Therefore, the rating reduction was proper and the criteria for restoration of a 100 percent rating for prostate cancer, effective October 1, 2019, have not been met. 

At the time of the rating reduction, the Veteran’s prostate cancer was not active, nor was there evidence of reoccurrence or metastasis or cancer treatment. The criteria for the 100 percent rating are clear there must be malignancy; without cancer there can be no basis for a 100 percent rating. Here, the evidence prior to the reduction suggests that the Veteran was treated with prostatectomy followed by radiation therapy, which was completed in May 2016. The weight of evidence indicates that the Veteran’s prostate cancer was in remission.

The March 2018 VA examiner reported that the Veteran’s prostate cancer was in remission. A June 2019 private physician report showed continued control of prostate cancer. In this regard, the Veteran provided a private doctor letter from Dr. M.R.G. Dr. G. reported that the Veteran’s recent PSA showed that the prostate cancer continued to be controlled with PSAs less than 0.1 in May and December 2018 and June 2019. This letter was specifically absent for any indication of active cancer or reoccurrence or metastasis of prostate cancer or ongoing cancer treatment.

In July 2019, the Veteran submitted a personal letter stating that his life has changed since the prostatectomy as he never gets a full night’s sleep, he awakens every couple of hours urinating, and he lacks energy during the day. He also stated his private healthcare provider monitors his prostate condition every six months and he is still under surveillance.

To the extent residuals of prostate cancer were noted, that will be discussed in the section below regarding the appropriate rating following this reduction.

The Veteran did not submit any private medical treatment records regarding active cancer or ongoing cancer treatment, nor submitted any releases for such records preceding the July 2019 rating decision effectuating the reduction. 

The proposal of the reduction in the April 2018 rating decision was clear that the AOJ was going to reduce the rating in the absence of disabling residuals. This provided the Veteran with sufficient notice of what type of medical evidence VA was looking for as to the severity of his prostate cancer. The Veteran had an opportunity to submit competent evidence of the current severity or to identify private medical records for VA to assist the Veteran in determining the severity of his prostate cancer. The Board’s inquiry as to a rating reduction is based on the evidence of record at the time of that reduction. 

Here, the evidence of record at the time of reduction does not show that prostate cancer was active or still under treatment. The most probative piece of evidence was a June 2016 private doctor letter from Dr. G. indicating that the Veteran’s prostate cancer continues to be controlled. This letter is absent for any reported active prostate cancer or reoccurrence or metastasis of prostate cancer or ongoing cancer treatment.

The Board has specifically considered contentions in the Veteran’s personal statement, yet they do not support that he currently suffered from active prostate cancer or was still undergoing cancer treatments. The rating schedule is based on the functional impact of the current manifestations of the disability. In this regard, it is also further noted that the Veteran contended that there should be consideration of recurrence of cancer, but there is no VA policy assigning disability ratings on the potential of reoccurrence. Rather the VA rating schedule is assigned based on the average impairment of earning capacity resulting from the service-connected disability and its residual conditions in civil occupations. 38 C.F.R. § 4.1. The potential of reoccurrence is not an impairment in earning capacity, as it is something that has not yet happened and is not indicative of the present level of impairment due to the service-connected disease.

The Board is sympathetic to the Veteran’s contentions regarding the residual effect of the prostate cancer on his life, but as noted above, the Board does not find a basis to find that the reduction was not proper.

In sum, reducing the 100 percent rating and evaluating the disability based on the residuals of prostate cancer was consistent with VA policy and set forth in VA regulations under Diagnostic Code 7528. The private medical evidence submitted by the Veteran supports the propriety of the reduction; as such, the Board does not find a basis based on the contentions of record to find that it was improper. All procedural requirements were followed, and the evidence does not support the presence of active cancer nor ongoing cancer treatment.

For the foregoing reasons, the Board finds that the evidence demonstrates sustained improvement of the prostate cancer because it was in remission as to warrant a rating reduction from 100 percent effective from October 1, 2019; therefore, the reduction was proper and restoration of the 100 percent rating is not warranted. 38 C.F.R. § 3.105(e).

2. Entitlement to a disability rating in excess of 20 percent for residual prostate cancer status post prostatectomy, from October 1, 2019.

Following the rating reduction, the Veteran seeks an increased rating for his prostate cancer residuals.

Disability ratings are assigned in accordance with VA’s Schedule for Rating Disabilities and are intended to represent the average impairment of earning capacity resulting from disability. See 38 U.S.C. § 1155; 38 C.F.R. §§ 3.321(a), 4.1. If two disability evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Reasonable doubt regarding the degree of disability will be resolved in favor of the claimant. 38 C.F.R. § 4.3.

The Veteran’s residual prostate cancer status post prostatectomy has been rated under Diagnostic Code 7528 throughout the appeal. From October 1, 2019, prostate cancer was rated as 20 percent disabling. As indicated above, following the cessation of surgical, X-ray, antineoplastic chemotherapy or other therapeutic procedure, prostate cancer is to be rated on residuals, such as voiding dysfunction or renal dysfunction, whichever is predominant. See 38 C.F.R. § 4.115b, Diagnostic Code 7528. 

Review of the lay and medical evidence of record indicates that the predominant residual of the Veteran’s prostate cancer is voiding dysfunction. There is no suggestion in the file of renal dysfunction. To the extent the medical evidence discusses retrograde ejaculation, this is not a basis under the schedular rating criteria for an increased rating of prostate cancer.

Voiding dysfunction is rated under the three subcategories of urine leakage, urinary frequency, and obstructed voiding. 38 C.F.R. § 4.115a, Diagnostic Code 7528. As there is no competent medical evidence of obstructed voiding that subcategory will not be discussed.

For urine leakage, a 40 percent rating is warranted when the wearing of absorbent materials must be changed two to four times per day. A 60 percent rating is warranted when use of an appliance is required or wearing of absorbent materials must be changed more than four times per day. See 38 C.F.R. § 4.115a. 

For urinary frequency, the highest available rating is a 40 percent rating, which is warranted with daytime voiding intervals of less than an hour or awakening to void five or more times per night. See 38 C.F.R. § 4.115a.

In March 2018, the Veteran was afforded a VA examination for his prostate cancer. The VA examiner noted that the Veteran’s cancer was in remission. It was noted that the Veteran was not undergoing treatment for prostate cancer but was on watchful waiting. The VA examiner reported that the Veteran had a voiding dysfunction. His voiding dysfunction caused urine leakage but did not require the wearing of absorbent material or use of an appliance. However, it caused increased urinary frequency, such as daytime voiding interval between one and two hours, and nighttime awakening to void three to four times. The voiding dysfunction also caused obstructed voiding with hesitancy, slow stream, weak stream, and decreased force of stream. The Veteran also had erectile dysfunction, but he did not have renal dysfunction. The Veteran’s PSA was 0.02 in March 2018.

The Board finds that a rating in excess of 20 percent is not warranted for the Veteran’s service-connected prostate cancer. The rating criteria for malignant neoplasms of the genitourinary system specifically direct VA to rate prostate cancer residuals on the predominance of either renal dysfunction or voiding dysfunction. The Veteran does not allege, and the evidence of record does not demonstrate any renal dysfunction, and there is a predominance of voiding dysfunction; therefore, the prostate cancer residuals are appropriately rated under the pertinent rating criteria for voiding dysfunction. On the Veteran’s March 2018 VA examination report, the VA examiner reported that the Veteran’s voiding dysfunction caused increased urinary frequency, such as daytime voiding interval between one and two hours, and nighttime awakening to void three to four times. His voiding dysfunction did not cause urine leakage requiring the wearing of absorbent material or require the use of an appliance. Therefore, a rating of 20 percent most closely approximates the Veteran’s symptomatology.

A rating in excess of 20 percent is not warranted at any time during the appeal. The evidence indicates that the Veteran did not use an appliance for voiding dysfunction, nor required wearing of absorbent material.

As set forth above, the Veteran has been rated on the predominant residual as to avoid pyramiding. While the evidence shows the Veteran has obstructive voiding, rating him under urinary frequency affords him the higher rating because the record does not show urinary retention requiring intermittent or continuous catheterization.

(Continued on the next page)

 

The Board further notes that the Veteran’s erectile dysfunction, associated with residual prostate cancer, has been service connected as a static disability since October 7, 2015, rated as noncompensable based on loss of erectile power. The Veteran has received special monthly compensation (SMC) since that date, under 38 U.S.C. § 1114(k) and 38 C.F.R. § 3.350(a), on account of loss of use of a creative organ. That disability rating, and the Veteran’s entitlement to SMC at the (k) rate, have been unaffected by the rating reduction for residual prostate cancer.

Accordingly, the Veteran’s residual prostate cancer status post prostatectomy, manifested predominantly by voiding dysfunction, more nearly approximate the criteria for a 20 percent rating under 38 C.F.R. § 4.115b.

 

 

L. CHU

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. J. In, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.